UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS G.W.,<br><br>         Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendants. | Case No. 1:20-cv-00206-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On November 6, 2017, Plaintiff Nicholas G.W. filed an application for social security disability income ("SSDI"), alleging a disability onset date of August 1, 2017. G.W., a man in his early forties, has a history of scoliosis and back pain. G.W.'s claim was denied initially, and G.W. requested a hearing in front of an Administrative Law Judge, David Willis ("ALJ"). The ALJ found that although G.W. had "severe impairments," he was not disabled and was still capable of working in employment that was less strenuous than his former occupations. G.W. appealed this decision to the Appeals Council, who ruled that they "found no reason under our rules to review the Administrative Law Judge's decision," and they accordingly "denied [his] request to review." This made the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

With his administrative remedies exhausted, G.W. sought the Court's review of the ALJ's decision. The Clerk of the Court randomly assigned the case to United States Magistrate Judge Raymond E. Patricco. On August 24, 2021, Judge Patricco issued a

Report and Recommendation (the "Report") in this matter recommending that: (1) the decision of the Commissioner be affirmed; (2) G.W's Petition for Review be denied; and (3) this action be dismissed in its entirety, with prejudice. Dkt. 19, at 21. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.*; *see* 28 U.S.C. § 636(b)(1). G.W. filed an Objection (Dkt. 20), and the Commissioner filed a Response to Objection (Dkt. 21). For the reasons stated below, the Court accepts and adopts the Report in its entirety. The Court adds a few words by way of explanation of the Report to address G.W.'s objection.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed, the district court need not conduct a *de novo* review.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. . . . [T]o the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 &

n.13 (9th Cir. 2005). Because objections were raised by G.W., the Court will review the magistrate's decision *de novo*.

At the outset, it is important to note the applicable standard of review. To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role in this instant case is not to decide whether the ALJ was correct. The Court's only role is to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision made by the Commissioner.

### IV. DISCUSSION

In his Objection, G.W. raises one point of error: that the ALJ erred when he rejected the opinions of G.W.'s treating physician, Dr. Richard Manos, in favor of the agency experts' opinions about how long G.W. can remain seated during a normal workday. Dr. Manos had claimed that G.W. could only sit for twenty minutes at a time and could only sit for two hours total in a normal workday. Dkt. 19, at 11. Agency experts concluded that G.W. could sit, with normal breaks, for a total of six hours in an eight-hour workday. *Id.* After weighing the evidence, Judge Patricco concluded that the ALJ did not err in rejecting Dr. Manos' opinions. After a *de novo* review, the Court agrees and adopts the Report in its entirety.

The Court has reviewed the entire Report as well as the record in this matter for clear error and finds none. Moreover, this Court agrees with the Report's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusions. For these reasons, the Court adopts the Report in its entirety and denies G.W.'s Petition for Review.

Many of the points that G.W. raises in his Objection (Dkt. 20) are argued, verbatim, in G.W.'s Memorandum in Support of a Social Security Appeal ("Memorandum") filed in support of his Petition for Review. For example, G.W. argues that "[i]n assessing the claimants RFC, an ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant." Dkt. 20, at 2. This line appears in the Memorandum. Dkt. 13, at 16. Similarly, G.W. argues in the Objection that "the ALJ neglected to address the limitations that Plaintiff placed upon his ability to perform these meager activities." Dkt. 20, at 3. This line also appears in the Memorandum. Dkt. 13, at 17. These arguments, as well as G.W.'s already raised argument regarding the staleness of

the agency opinions, have been adequately addressed by Judge Patricco already and do not merit any further explanation from the Court.

For his arguments that did not come verbatim from the Memorandum, G.W. raised several points in his Objection that all came down to one central theme—that the ALJ did not offer enough explanation to support the decision that he made. Dkt. 20, at 2. G.W. argues that the ALJ did not show "how and/or why the ALJ did what he or she did." Dkt. 20, at 7. However, this argument is without merit. The ALJ spent almost three pages thoroughly weighing the evidence received in determining G.W.'s capability to work. Dkt. 12-2, 18–21. The most dispositive fact that sinks G.W.'s contention that Dr. Manos' diagnosis was accurate is that G.W. himself admitted he could sit for longer than twenty minutes at a time. As Judge Patricco wrote,

> When asked how long he could sit at a time, Petitioner averred that he only needed to stand up and stretch out his back "probably every hour or so." AR 38. Petitioner's own attorney interpreted this testimony to mean Petitioner could sit for about an hour at a time, and Petitioner did not disagree. AR 38-39. In other words, Petitioner himself conceded that he can, contrary to Dr. Manos's findings, sit for longer than 20 minutes at a time . . . .

Dkt. 19, at 17.

This admission strongly supports the ALJ's decision to rely on the agency experts' opinion instead of Dr. Manos' opinion regarding how long G.W. can sit at one time. As G.W. has admitted that he can sit three times longer than Dr. Manos claims G.W. can, it is very reasonable for the ALJ to conclude that Dr. Manos' estimate was incorrect.

In summary, G.W. has not offered enough evidence to show that the ALJ's opinion was not reasonable. Minds may differ on whether the facts should have led to a different

MEMORANDUM DECISION AND ORDER - 5

outcome, but that is not our place to say. The Court's role here is *only* to say whether the ALJ's opinion was supported by substantial evidence and legal standards, and we hold that it was. The Court is mindful that its decision will require G.W. to find new employment that will be accommodating to his back pain and is sympathetic to the trouble he will have doing so. But the law gives us no other choice than to AFFIRM the decision of the Commissioner, DENY G.W.'s Petition for Review (Dkt. 1), and DISMISS this action in its entirety, with prejudice.

## V. ORDER

The Court HEREBY ORDERS:

1. The Court AFFIRMS the decision of the Commissioner.

2. The Court DENIES G.W.'s Petition for Review (Dkt. 1), and DISMISSES the claims, with prejudice.

DATED: September 29, 2021

David C. Nye
Chief U.S. District Court Judge